IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BARBARA J. TAYLOR,                    6:12-CV-01017-BR

        Plaintiff,                    OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.


RICHARD F. MCGINTY
McGinty & Belcher
P.O. Box 12806
Salem, OR 97301
(503) 371-9636

        Attorneys for Plaintiff

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case.  No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1  - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**SUMMER STINSON**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3704

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Barbara J. Taylor seeks judicial review of a final decision of the Commissioner of the Social Security Admini= stration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

     Plaintiff protectively filed her application for SSI on September 15, 2008, and alleged a disability onset date of

2  - OPINION AND ORDER

April 18, 1996.  Tr. 103.[2]  The application was denied initially and on reconsideration.  Tr. 66, 74.  An Administrative Law Judge (ALJ) held a hearing on August 11, 2010.  Tr. 102.  At the hearing Plaintiff was represented by an attorney.  Tr. 102. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 40-60.

The ALJ issued a decision on February 24, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 25.  The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner.  *See* 20 C.F.R. § 404.984(d). *See also* Tr. 2-5.  Plaintiff now seeks judicial review of that decision.

## BACKGROUND

Plaintiff was born on August 1, 1959, and was fifty-one years old at the time of the hearing.  Tr. 104.  Plaintiff has an 11th grade education, speaks English, and has some post-secondary technical training.  Tr. 42, 125.  Plaintiff has past relevant work experience as a food preparer and a hotel maid.  Tr. 122. Plaintiff alleges disability due to numbness in her right hand, lower back, and left shoulder.  Tr. 121.

---

[2]  Citations to the official transcript of record filed by the Commissioner on November 26, 2012, are referred to as "Tr."

3  - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## <u>DISABILITY ANALYSIS</u>

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v.*

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.
§ 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule." SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity since her application date of
August 29, 2008.  Tr. 20.

At Step Two the ALJ found Plaintiff's degenerative disc
disease of the lumbar spine and mild degenerative changes of the

7  - OPINION AND ORDER

left shoulder are severe impairments.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under §§ 416.920(d), 416.925, and 416.926 of 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 20.  The ALJ found Plaintiff has the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:  She can perform tasks that involve no more than six hours of standing or walking and no more than six hours of sitting in an eight-hour workday; she can occasionally stoop and climb ladders, ropes, or scaffolds; and she can occasionally engage in reaching, grasping, or pulling on the left side only.  Tr. 20-21.

At Step Four the ALJ concluded Plaintiff is incapable of performing any of her past relevant work.  Tr. 24.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including soft-goods folder, linen folder, and packager of light products.  Tr. 24-25.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 25.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's subjective symptom testimony, (2) improperly evaluated the medical evidence, (3) posed a hypothetical to the

VE that was inconsistent with Plaintiff's RFC, and (4) failed to resolve a conflict between the VE testimony and the Dictionary of Occupational Titles (DOT).

**I.    The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Id.*  The ALJ must identify "what testimony is not credible and what evidence

undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

Plaintiff alleges she is unable to work due to numbness in her right hand, lower back, and left shoulder. Tr. 121. At the hearing, Plaintiff testified she also has memory and concentration difficulties. Tr. 53-54. In addition, Plaintiff testified she could walk only a block and a half and that she sometimes had difficulty holding a cup of water. Tr. 46-47, 55. She stated she could not sit for longer than 30-45 minutes, and her pain is so excruciating that she must continually change positions. Tr. 21, 47, 52-53.

The ALJ considered Plaintiff's testimony and rejected it as inconsistent with the medical evidence in the record. Tr. 22. *See also Smolen*, 80 F.3d at 1284-85. The ALJ noted consultative physician Kurt Brewster, M.D., opined Plaintiff's self-reports were inconsistent with her demonstrated ability to walk and with the lack of evidence of atrophy, straight-leg raise, and positive Waddell signs. Tr. 205, 209. Dr. Brewster concluded Plaintiff's reported symptoms tended to indicate "pain out of proportion to clinical findings." Tr. 209. He also concluded Plaintiff's testimony was inconsistent with objective medical evidence that she could "lift and carry up to 20 pounds on an occasional basis," stand or walk "about 6 hours, and sit about 6 hours in an 8-hour workday." Tr. 23, 215-22, 233-34.

In addition, state agency physician Neal Berner observed after reviewing her records that Plaintiff "provided information . . . that is false." Tr. 233.

Using ordinary techniques of credibility evaluation, the ALJ reasonably inferred that Plaintiff exaggerated the degree of her pain and limitations and was, therefore, less than credible. Tr. 22-23. *See also Smolen*, 80 F.3d at 1284; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)(holding a finding that claimant has a tendency to exaggerate is a specific and convincing reason for discounting a claimant's credibility).

The ALJ also noted inconsistencies between Plaintiff's testimony and her daily activities. Tr. 21-22. *See also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)(daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration); *Smolen,* 80 F.3d at 1284 (same). Specifically, Plaintiff's testimony that she could only walk a block and a half is inconsistent with evidence in the record that Plaintiff could walk several blocks and that walking was "okay" for her. Tr. 21-22, 46-47, 196-97. The ALJ, therefore, had reasons to reject Plaintiff's credibility. *See Smolen*, 80 F.3d at 1284.

On this record the Court finds the ALJ did not err when he rejected Plaintiff's testimony because the ALJ provided clear and convincing reasons supported by substantial evidence in the

record for finding that Plaintiff's testimony was not entirely
credible as to the intensity, persistence, and limiting effects
of her condition.

**II.  The ALJ properly evaluated the medical evidence.**

Plaintiff makes several arguments attacking the ALJ's
evaluation of the medical evidence.

The ALJ is responsible for resolving conflicts in the
medical record, including conflicts among physicians' opinions.
*Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The
Ninth Circuit distinguishes between the opinions of three types
of physicians:  treating physicians, examining physicians, and
nonexamining physicians.  The opinions of treating physicians are
generally accorded greater weight than the opinions of non-
treating physicians.  *Lester*, 81 F.3d at 830.  A treating
physician's opinion that is not contradicted by the opinion of
another physician can be rejected only for "clear and convincing"
reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.
1991).

If a treating physician's opinion is contradicted by the
opinion of another physician, the ALJ must provide "specific,
legitimate reasons" for discrediting the treating physician's
opinion.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).
In addition, the ALJ generally must accord greater weight to the

12 - OPINION AND ORDER

opinion of an examining physician than that of a nonexamining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). *See also Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995). In general, the more consistent an opinion is with the record as a whole, the more weight an opinion should be given. 20 C.F.R. 416.927(c)(4).

**A. The ALJ properly rejected Dr. Sally's opinion.**

Plaintiff argues the ALJ improperly rejected the opinion of examining physician Mitchell Sally, M.D.

Dr. Sally performed an orthopedic evaluation of Plaintiff on October 25, 2008. Tr. 196-200. Dr. Sally opined Plaintiff could

lift or carry "less than ten pounds frequently and less than ten pounds occasionally." Tr. 200. He stated Plaintiff could not perform activities that require "manipulative" capabilities. Tr. 218.

The ALJ assigned partial weight to Dr. Sally's opinion, but rejected his opinion that Plaintiff could lift or carry less than ten pounds frequently and less than ten pounds occasionally because it conflicted with more recent medical evidence in the record. *See* Tr. 22-23, 200. *See also Osenbrock v. Apfel*, 240 F.3d 1165 (holding physician's most recent medical reports are "highly probative"). For example, Neal E. Berner, M.D., and Mary Ann Westfall, M.D., opined Plaintiff could occasionally lift and carry up to twenty pounds. Tr. 215-22, 233-34. *See* also 20 C.F.R. 416.927(c)(4). Because of this conflict, the ALJ was required to provide specific, legitimate reasons for rejecting Dr. Sally's opinion. *See Lester*, 81 F.3d at 830.

The ALJ gave great weight to the opinion of Dr. Brewster, and incorporated the limitations he assessed into Plaintiff's RFC. Tr. 20-23. Dr. Brewster performed a neurological evaluation of Plaintiff on November 14, 2008, and opined she could lift or carry at most twenty pounds and could frequently carry ten pounds. Tr. 210. Dr. Brewster also found Plaintiff could occasionally reach, grasp, and pull with her left side and had no manipulative limitations. *Id.* Dr. Brewster's medical

findings, however, are inconsistent with Dr. Sally's opinion, and thus constitute specific, legitimate reasons for rejecting that opinion. *See Tommasetti*, 533 F.3d at 1040 (holding inconsistency with the medical evidence is a specific, legitimate reason for rejecting a controverted medical opinion). Thus, the Court finds the ALJ did not err when he rejected Dr. Sally's opinion because he provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**B. The ALJ properly credited Dr. Brewster's opinion**.

Plaintiff also argues the ALJ failed to resolve conflicts between Dr. Sally's opinion and the opinion of Dr. Brewster and contends the ALJ should have rejected Dr. Brewster's opinion because it is inconsistent with the opinion of Dr. Sally. The ALJ's decision to resolve the conflict by rejecting Dr. Sally's opinion, however, was based on legally sufficient reasons.

The Court must uphold the ALJ's interpretation of the evidence even though the evidence can be interpreted in more than one way. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)(holding when the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld). *See also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(holding variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational

reading of the record, and a court may not substitute its judgment for that of the Commissioner).  The Court, therefore, upholds the ALJ's decision to credit Dr. Brewster's opinion and to reject Dr. Sally's conflicting opinion.

**3. The ALJ properly credited Drs. Berner and Westfall.**

Plaintiff contends the ALJ improperly assigned greater weight to the medical opinions of the nonexamining state-agency physicians Drs. Berner and Westfall than he assigned to the opinion of Dr. Sally.  As noted, the ALJ provided legally sufficient reasons for rejecting part of Dr. Sally's opinion: The ALJ found the opinions of the state-agency physicians were more recent in time than Dr. Sally's opinion and were more consistent with the record as a whole.  Tr. 215-22, 233-34.  *See also* 20 C.F.R. 416.927(c)(4).  The ALJ, therefore, did not err when he assigned greater weight to the state-agency physicians' opinions.[3]

**III. The ALJ's hypothetical to the VE was free of legal error.**

---

[3] Plaintiff also argues the opinions of Drs. Berner and Westfall are not internally consistent.  The state-agency physicians found Plaintiff did not have any "fine or gross motor deficits by [history] or exam."  Tr. 218.  Plaintiff argues this conflicts with evidence of Plaintiff's history assessed by Dr. Sally.  The Court has found, however, that Dr. Sally's opinion was properly discredited, and, therefore, the Court also rejects this argument.

Plaintiff contends the ALJ's hypothetical to the VE was deficient because it did not include all of Plaintiff's limitations.  The Court disagrees.

The ALJ properly included all credible limitations in his evaluation of Plaintiff's RFC.  *See Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004)(holding the ALJ is not required to include properly discounted opinion evidence into a plaintiff's RFC).  *See also Osenbrock*, 240 F.3d at 1164-66 (holding restrictions not supported by substantial evidence may freely be accepted or rejected by the ALJ).  Moreover, the ALJ posed a hypothetical to the VE that contained Plaintiff's credible limitations and included the limitation that Plaintiff only occasionally reach overhead and grasp and pull on her left side only.  Tr. 58.

Plaintiff, nevertheless, argues the ALJ erred because he included the functional limitation of occasional "overhead reaching" in the VE hypothetical even though Plaintiff's RFC included the functional limitation of occasional "reaching," which requires the ability to reach in "all directions."  Tr. 24, 58, 218.  The ALJ's hypothetical to the VE, therefore, includes limitations actually *more* restrictive than included in Plaintiff's RFC.  As a result, the VE's resultant testimony is, in effect, *less* inclusive of jobs that Plaintiff is capable of

17 - OPINION AND ORDER

performing.  Thus, any error in this regard was harmless.  *See Molina*, 674 F.3d at 1115 ("[A]n ALJ's error is harmless where it is inconsequential to the nondisability determination.").

Plaintiff also argues the ALJ's assessment of Plaintiff's RFC conflicts with the DOT definition of "light work." Dr. Brewster assessed Plaintiff as limited to lifting and carrying twenty pounds at a maximum and ten pounds frequently. The DOT defines "light work" as "[e]xerting up to 20 pounds of force occasionally."  *DOT* App'x C at 1013.  Thus, there is not a conflict here.  Because it included all of Plaintiff's credible limitations, the ALJ's assessment of Plaintiff's RFC was not defective.  *See Batson*, 359 F.3d at 1197.

## IV. There was not a conflict between the VE testimony and the DOT.

Finally, Plaintiff argues the ALJ erred by not identifying and resolving a conflict between the testimony of the VE and the DOT.

The DOT is presumptively authoritative regarding job classifications, but that presumption is rebuttable.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."  *Id.*  Thus, before he may rely on the VE's testimony, an ALJ "must first determine whether a conflict exists."

18 - OPINION AND ORDER

*Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).   In
accordance with SSR 00-4p, the ALJ must ask the VE whether her
testimony is consistent with the DOT.   *Id*. at 1152-53.   If "there
is an apparent unresolved conflict between VE . . . evidence and
the DOT, the [ALJ] must elicit a reasonable explanation for the
conflict."   SSR 00-4p, 2000 WL 1898704, at *2.   S*ee also
Massachi*, 486 F.3d at 1153-54.

      As noted, the ALJ included Plaintiff's functional
limitations in the hypothetical question presented to the VE.
Tr. 58.   The VE testified an individual with those limitations
could perform work that exists in significant numbers in the
national economy, including soft-goods folder, linen folder, and
packager of light products.   The VE testified these jobs are
consistent with the DOT.   Tr. 60.   *See also Bayliss*, 427 F.3d at
1218 ("An ALJ may take administrative notice of any reliable job
information, including information provided by a VE.").   The DOT
does not include any discussion of the effect of not using two
arms in these occupations.

      Plaintiff, nevertheless, argues the DOT's lack of further
specificity creates a conflict with the VE's testimony that
Plaintiff would be able to perform the identified jobs.   The
Court, however, does not find a direct conflict between the DOT
and the VE's testimony in light of the fact that the DOT
description of soft-goods folder, linen folder, and packager of

19 - OPINION AND ORDER

light products does not include a requirement of overhead reaching with both arms.  The Court also notes Plaintiff, who was represented by counsel in the hearing before the ALJ, did not bring this issue to the ALJ's attention at that time.  Claimants who are represented by counsel must raise all issues and evidence at the administrative proceedings in order to preserve them unless failure to excuse the waiver would result in manifest injustice.  *Meanel*, 172 F.3d at 1115.

In summary, the ALJ properly relied on the VE's expert testimony when the ALJ concluded Plaintiff is not disabled.  *See Bayliss*, 427 F.3d at 1218.

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 24th day of June, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge